

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXMMXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-2494
Re: Liability of county for hospitalization
and medical expenses.

You seek an opinion of this department as to the liability of the county of Liberty for hospitalization and medical expenses furnished one under the following circumstances:

"A constable having seen a suspicious looking character in the alleys after dark, ordered the man to stop and identify himself, and upon his failure so to do, shot the man. The victim was then moved to the hospital and doctors, nurses and others were called in the case, all without the knowledge of the Commissioners' Court or of the District Attorney."

We assume for the purpose of this opinion that the injured man was carried to a private hospital and not to a public institution.

We held in our Opinion No. O-2179 that the county was not liable for medical attention furnished a transient who was injured while riding a freight train, even though the county judge attempted to authorize such care prior to its being furnished.

We believe that the case of Willacy County vs. Valley Baptist Hospital, et al, 29 SW 2d 456 to be determinative of the question here presented. The facts were substantially as follows:

On a certain night in July, 1929, a person by the name of Rafael Barbosa, a resident of Willacy County, was struck by an automobile, and seriously injured. He lay wounded by the roadside the remainder of the night. The next morning his condition was discovered by the Sheriff of Willacy County, who in turn called the County Judge, who directed that all necessary medical aid be given to the injured man, stating that the county would pay the expenses. The Sheriff thereupon called Dr. McCann, a local physician, who upon examination of the injured man concluded that an operation was necessary. There was no hospital in Willacy County and the sheriff, accompanied by Dr. McCann, rushed Barbosa to the Valley Baptist Hospital at Harlingen, in Cameron County, where another physician, was called in and performed an operation. A few days later Barbosa died as a result of his injuries. Afterward the two physicians and the hospital filed claims against the county for thirty dollars, one hundred and fifty

dollars, and eighty-nine dollars, respectively, as their fees for the
services rendered by them to Barbosa. The county commissioners' court
rejected these claims, and the claimants each filed suit against Willacy
County, in a justice of the peace court. The three suits were consol-
idated and judgment was rendered in favor of the plaintiffs for the amount
of their respective claims. On appeal to the County Court a like judgment
was rendered upon a directed verdict, and Willacy County appealed. The
judgment was based upon the assumption that Barbosa was a pauper and there-
fore such a charge upon the county as to render it the duty of the latter
to furnish him the services for which the suit was brought; and that the
County Judge was clothed with authority to bind the county with his agree-
ment to pay for such services, although it was considered that the commis-
sioners' court as a body, or the commissioners' individually, had taken
no action to declare Barbosa a pauper or to authorize the County Judge to
so bind them, and no such matters had ever been presented to them.
Willacy County, with but a little population, had no public or private
hospital, such as are being operated in counties or large population.

The judgment of the County Court was reversed and rendered.

We quote from the above mentioned case as follows:

"The powers and duties of county commissioners' courts, and the
obligations of the counties to paupers are fixed by statute, and cannot
be enlarged upon by unnecessary implication. These powers and duties, in
so far as applicable here are defined in and restricted by the provisions
of Articles 2351 and 4438, Revised Statutes, 1925. In Article 2351 it is
provided that each commissioners' court shall (subdivision 11) 'provide
for the support of paupers .... residents of their county, who are unable
to support themselves', and (subdivision 12) 'for the bural of paupers.'
In Article 4438 it is provided that 'if there is a regular established
public hospital in the county, the commissioners' court shall provide for
sending the indigent sick .... to such hospital.' In the latter provision
the duty and the authority of the commissioners' court to send the indi-
gent sick to hospitals is limited to public hospitals within the county,
which provision, by necessary implication excludes any duty or authority
to send such persons to private hospitals, or to public hospitals with-
out the county. Even if Barbosa was within the class defined as 'indi-
gent sick,' the commissioners'court as a body, much less the county judge
acting singularly, was under no duty, and was denied the authority to
send Barbosa to a hospital, either public or private, outside the county.

".... Under the provisions of Article 4438, the county was under
no duty to send Barbosa to any hospital, there being no public hospital
in the county, and under the implied restrictions of this provision it is
doubtful if the county could be bound by the commissioners' court, cer-
tainly not otherwise, to send him to a hospital without the county, at
public expense...."

In view of the foregoing authority, you are advised that the county is not liable under the facts set forth.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By  s/ Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:AW/wc

APPROVED  OCT. 7, 1940

s/Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED Opinion Committee  By BWB Chairman